Filed 3/20/24  P. v. Vanhook CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C097552 |
| Plaintiff and Respondent, | (Super. Ct. Nos. STKCRFE20150006194 & SF131278A) |
| v. | |
| RAESEAN VANHOOK, | |
| Defendant and Appellant. | |

Defendant Raesean Vanhook appeals from an order denying a petition for resentencing under Penal Code former section 1170.95 (now § 1172.6).[1]  Appointed counsel for defendant asks this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 to determine whether there any arguable issues on

_____

[1]  Undesignated statutory references are to the Penal Code.  Effective June 30, 2022, section 1170.95 was renumbered section 1172.6 without change in the text.  (See Stats. 2022, ch. 58, § 10.)  We use the current section number in this opinion.

1

appeal.  We have exercised our discretion to conduct such a review and affirm the trial court's order.  (See, e.g., *People v. Delgadillo* (2022) 14 Cal.5th 216, 231-232.)

BACKGROUND

In 2014, defendant fired a shotgun in a struggle with one of three men defendant and his accomplices surprised when they snuck into a garage through a partially opened garage door.  A jury convicted defendant of attempted murder (§§ 664, 187) and other charges not relevant to this appeal, and also found multiple firearm enhancements true.  The trial court found true a prior strike and two enhancements.  (§ 667, subd. (b).)  The court sentenced defendant to an aggregate term of 43 years in prison.  (*Ibid.*)  We affirmed.  (*People v. Vanhook* (Aug. 1, 2018, C080735) [nonpub. opn.].)  In a separate appeal, we modified the judgment to find that defendant suffered only one prior serious felony enhancement (§ 667, subd. (a)).  (*People v. Vanhook* (Nov. 17, 2021, C090019) [nonpub. opn.].)

In April 2022, defendant filed a form petition for resentencing under section 1172.6.  Defendant alleged that he was prosecuted and convicted of attempted murder under the natural and probable consequences doctrine.  The trial court appointed the public defender to represent defendant.  The People filed a response arguing that the jury found defendant guilty as the direct perpetrator who specifically intended to kill the person he shot at.  Defendant filed a reply arguing that he had established a prima facie case for relief since the charging document allowed the prosecution to proceed under the natural and probable consequences doctrine.

The trial court conducted a hearing on defendant's prima facie eligibility for relief under section 1172.6.  At the hearing, the trial court noted that it had reviewed the jury instructions and the verdicts.  After argument by counsel for the parties, the court denied the petition.  In ruling, the court explained that "we have an adequate record here . . . that shows no jury instructions were given on a natural and probable consequences theory or aiding and abetting.  And the defendant was prosecuted under a specific intent to kill.

2

And there's undisputed facts that he was the shooter.  [¶]  So the [c]ourt finds that the defendant has failed to make a prima facie showing, and he is not entitled to resentencing under Penal Code Section 1172.6."

Defendant filed a timely notice of appeal.

DISCUSSION

Defendant's appointed counsel asks this court to independently review the record to determine whether any arguable issues on appeal existed.  (*People v. Wende, supra*, 25 Cal.3d 436.)  Counsel advised defendant of his right to file a supplemental brief within 30 days from date of the filing of the opening brief.  That time has elapsed without defendant filing a supplemental brief.

Our Supreme Court held in *Wende* that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous."  (*People v. Delgadillo, supra*, 14 Cal.5th at p. 221.)  The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution."  (*Ibid.*)

In *Delgadillo*, the Supreme Court considered whether *Wende* review is constitutionally required when a trial court denies a petition for postconviction relief under section 1172.6, and it concluded *Wende* review is not required.  (*People v. Delgadillo, supra*, 14 Cal.5th at pp. 221-222.)  Nevertheless, the Supreme Court exercised its discretion to conduct an independent review of the record, because the defendant had not been notified that his appeal might be dismissed as abandoned if he did not file a supplemental brief.  (*Id.* at pp. 222, 233.)

Here, defendant was not notified that his appeal might be dismissed as abandoned if he did not file a supplemental brief.  Accordingly, we exercise our discretion to conduct an independent review of the record.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable

3

to defendant.

DISPOSITION

The order denying defendant's section 1172.6 petition is affirmed.

/s/
MESIWALA, J.

We concur:

/s/
MAURO, Acting P. J.

/s/
BOULWARE EURIE, J.

4